FILED
JUN - 3 2010
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

ROOSEVELT WALKER, III,

Petitioner,

v.                                CASE NO. 2:09cv607

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Local Civil Rules of the United States District Court for the Eastern District of Virginia. For the reasons stated herein, the Court recommends that the instant petition for a writ of habeas corpus be DENIED.

### I. STATEMENT OF THE CASE

#### A. Background

Petitioner, Roosevelt Walker, III ("Walker"), was convicted in the Norfolk Circuit Court, on February 18, 2005, of one (1) count of conspiracy to distribute cocaine. On September 9, 2005, Walker was sentenced to a total of forty (40) years in prison. Sentencing

Order, Commonwealth v. Walker, No. CR04004479-01 (Va. Cir. Ct. Sept. 9, 2005).

Walker filed a Petition for Appeal in the Court of Appeals of Virginia on December 21, 2005. In his appeal, Walker argued that the trial court erred in finding that the evidence was sufficient to support a finding of guilt for conspiracy to distribute cocaine. Walker v. Commonwealth, No. 2254-05-1 (Va. Ct. App. Dec. 21, 2006). The Court of Appeals denied the appeal on the merits on October 31, 2006. Walker then filed an appeal with the Supreme Court of Virginia on December 1, 2006, which was refused by the court on March 16, 2007.

On February 21, 2008, Walker executed a petition for habeas corpus in the Supreme Court of Virginia. Walker v. Director of the Dep't of Corr., No. 080385. The court denied Walker's petition on the merits on October 10, 2008.

On January 15, 2009, Walker executed a Motion to Vacate in the Norfolk Circuit Court. Mot. to Vacate, Commonwealth v. Walker, No. CR04004479-01 (Va. Cir. Ct. on Jan. 22, 2009). The court dismissed Walker's motion on February 2, 2009, and Walker appealed this dismissal to the Supreme Court of Virginia. The Supreme Court of Virginia refused Walker's petition for appeal on October 5, 2009.

On November 30, 2009,[1] while in the custody of the Virginia

---

[1] The Court notes that the United States Supreme Court promulgated certain amendments to the Rules Governing Section 2254 Cases in the United States District Courts, which became effective

Department of Corrections at the Sussex II State Prison, Walker executed the instant petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. This Court conditionally filed Walker's petition on December 15, 2009. Accompanying his petition, Walker filed a motion for leave to proceed in forma pauperis, which was granted on January 7, 2009. On March 18, 2009, Respondent filed his Rule 5 Answer and Motion to Dismiss, accompanied by a supporting brief, and a Roseboro Notice pursuant to Local Rule 7(K). Walker did not file a response to Respondent's Motion to Dismiss.

**B. Grounds Alleged**

Walker asserts that he is entitled to relief under 28 U.S.C. § 2254 for the following reasons:

(a) Petitioner was denied effective assistance of counsel because his defense attorney did not object to an amendment of the indictment.

(b) Petitioner's Fifth Amendment rights were violated by the amendment of the indictment.

(c) Petitioner's conviction violates the Double Jeopardy clause.

(d) Petitioner's conviction violates his Fourteenth Amendment Due Process rights because the evidence at trial was

---

on December 1, 2004. As amended, Rule 3(d) adopts the prison mailbox rule with regard to § 2254 petitions. Accordingly, the Court recognizes the prison mailbox rule for federal habeas petitions. In this case, Walker's petition was signed on November 30, 2009; however, it was not postmarked until December 2, 2009. The Court assumes, without finding, that the petition was executed on November 30, 2009, the day it was signed. Further, the Court considers the petition filed, for purposes of the statute of limitations, on that date.

3

insufficient to support his conviction.

Walker's petition for a writ of habeas corpus, filed in the Supreme Court of Virginia on February 21, 2008, asserted substantially the same claims for relief as alleged in (a) and (c). As discussed above, the Supreme Court of Virginia dismissed that petition on October 10, 2008.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Court need not address the merits of Walker's habeas corpus petition because the Court FINDS that the petition is barred by the statute of limitations.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year statute of limitations for the filing of federal habeas corpus petitions pursuant to 28 U.S.C. § 2254. See 28 U.S.C. § 2244(d)(1). The statute also prescribes how the one-year limitation period is calculated, including the date on which the limitation period begins, id. § 2244(d)(1), and the circumstances in which the limitation period may be tolled, id. § 2244(d)(2).

### A. Commencement of the Statute of Limitations

The AEDPA provides that:

The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the

Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Ordinarily, the limitation period for filing a federal habeas corpus petition commences when the petitioner's conviction becomes final. See 28 U.S.C. § 2244(d)(1)(A). Walker's conviction became final on June 14, 2007, which was ninety (90) days after the Supreme Court of Virginia refused his petition for appeal on March 16, 2007, and the date when Walker could no longer appeal his conviction. See Sup. Ct. R. 13(1); Harris v. Hutchinson, 209 F.3d 325, 328 n.1 (4th Cir. 2000). Therefore, absent any applicable tolling period, Walker had until June 14, 2008, to file his federal petition for a writ of habeas corpus. The instant federal petition was not executed until November 30, 2009, which was approximately a year and a half beyond the applicable limitations period.

### B. Tolling Considerations

#### 1. Statutory Tolling

A person in state custody may toll the running of the limitations period during the time in "which a properly filed

5

application for State post-conviction or other collateral [proceeding] . . . is pending." 28 U.S.C. § 2244(d)(2). An application remains pending throughout the state review process, including the time period between a lower state court's decision and the filing of a notice of appeal to a higher state court. Carey v. Saffold, 536 U.S. 214, 219-21 (2002); Rouse v. Lee, 339 F.3d 238, 243-44 (4th Cir. 2003) (noting that a state post-conviction proceeding for § 2244(d)(2) tolling purposes encompasses all state-court proceedings, "from initial filing [in the trial court] to final disposition by the highest state court" (quoting Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999))).

An application for state post-conviction review is not "properly filed" just because it is delivered to, or accepted by, the relevant court. Artuz v. Bennett, 531 U.S. 4, 8 (2000). Rather,

> an application is "*properly* filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.

Id. (citations omitted). Thus, an application that does not comply with the applicable rules, but that is nonetheless accepted by the clerk of a state court, is not a properly filed application; it is merely a "pending" application that does not toll the limitations period. Id. at 9 (stating that an application was not properly filed and the limitations period was not tolled where the required

6

fee was not included with the filing). Accordingly, a petition that is dismissed by the state court as untimely is "not 'properly filed,' and . . . is not entitled to statutory tolling under § 2244(d)(2)." Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005). On the other hand, an application that complies with the rules governing filings, but contains claims that are procedurally barred, is still a properly filed application that tolls the statute of limitations. Artuz, 531 U.S. at 9.

Walker submitted a petition for a writ of habeas corpus in the Supreme Court of Virginia on February 21, 2008 ("state petition"). On October 10, 2008, the Supreme Court of Virginia dismissed the petition on the merits. Walker v. Director of the Dep't of Corr., No. 080385 (Va. Oct. 10, 2008). Walker's state petition was properly filed, and therefore the statute of limitations for the instant petition is tolled for the period in which the state petition was pending. 28 U.S.C. § 2244(d)(2). Accordingly, the Court tolls the period between February and October 2008 when Walker's state habeas petition was pending, which amounts to 232 days.

Taking this tolling into consideration, Walker had until February 1, 2009, to file the instant petition. Walker did not execute the instant petition until November 30, 2009. Even if the Court were to construe Walker's Motion to Vacate as a properly filed application for post-conviction relief, which would add 263

7

days of tolling, Walker's instant petition would be untimely.[2] Accordingly, the Court FINDS that the instant petition is time-barred unless Walker demonstrates grounds for equitable tolling of the statute of limitations.

2. <u>Equitable Tolling</u>

Equitable tolling of the limitations period is appropriate only when a petitioner "presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." <u>Rouse v. Lee</u>, 339 F.3d 238, 246 (4th Cir. 2003). "[A]ny resort to equity must be reserved for those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result." <u>Harris v. Hutchinson</u>, 209 F.3d 325, 330 (4th Cir. 2000); <u>see also</u> <u>Little v. United States</u>, 184 F. Supp. 2d 489, 494 (E.D. Va. 2002).

Walker does not explain why he did not file his federal habeas petition until November 30, 2009. Further, there is no evidence of exceptional circumstances that the Court could consider as

---

[2] If the Court were to toll the period during which Walker's Motion to Vacate was pending, from January 15, 2009, until October 5, 2009, Walker would have had until October 22, 2009, to timely file his federal habeas petition. It is unclear to the Court whether Walker's Motion to Vacate was properly filed. <u>See</u> <u>Artuz</u>, 531 U.S. at 8. The Court need not make such a determination, however, because even if the Court were to find that the motion was properly filed and the Court tolled the period during which the motion was pending, the instant petition was executed over a month after the deadline for the statute of limitations.

8

warranting the application of equitable tolling.[3] Therefore, the Court cannot excuse Walker's failure to file his petition for writ of habeas corpus in a timely manner.

Accordingly, the Court FINDS that the instant petition is time-barred and that it should be DENIED.

### III. RECOMMENDATION

For the foregoing reasons, the Court, having found that the instant petition was not timely filed and is barred by the statute of limitations, RECOMMENDS that Walker's petition for a writ of habeas corpus be DENIED, that Respondent's Motion to Dismiss be GRANTED, and that all of Walker's claims be DISMISSED WITH PREJUDICE.

Walker failed to demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2233(c)(2). Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that:

---

[3] In his petition, where the form states "TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition," Walker did not write anything.

9

1. Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's specific objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b)(2).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140, 153-54 (1985); Carr v. Hutto, 737 F.2d 433, 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

/s/ F. Bradford Stillman
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

June 3, 2010

10

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Roosevelt Walker, #1091952
Sussex II State Prison
24427 Musselwhite Drive
Waverly, Virginia 23891
*Pro Se*

Craig Winston Stallard
Office of the Attorney General
900 E Main St
Richmond, Virginia 23219
*Counsel for Respondent*

Fernando Galindo,
Clerk of Court

By: _____
Deputy Clerk

June 3, 2010